UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MEGAN ROGERS,

                                        Plaintiff,

                                                                    5:21-CV-176
v.                                                                  (GLS/TWD)

PFIZER, CUOMO/FAUCI/CDC, BIOTECH,
CUOMO,

                                        Defendants.
_____

APPEARANCES:

MEGAN ROGERS
Plaintiff, *pro se*
229 Duane Street
Syracuse, New York 13207

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Megan Rogers ("Plaintiff") filed an action against Pfizer, Cuomo/Fauci/CDC, Biotech, and Cuomo (collectively, "Defendants"). (Dkt. No. 1.) After granting Plaintiff's *in forma pauperis* application, this Court reviewed the original complaint pursuant to 28 U.S.C. § 1915(e), and recommended that it be dismissed with leave to replead. (Dkt. No. 6.) Senior United States District Judge Gary L. Sharpe adopted this Court's recommendation and ordered Plaintiff to file an amended complaint if she wished to proceed. (Dkt. No. 9.)

Plaintiff has now filed several letters and a document the Court construes as her amended complaint. (*See* Dkt. Nos. 7, 10, 11, 13.)[1] In her amended complaint, Plaintiff appears to discuss

_____

[1]  In those letters, Plaintiff noted she previously had asked for six million dollars but now seeks twelve million dollars. (Dkt. No. 10.) Plaintiff also sent a letter indicating she has the correct

her research related to discovering the vaccine for COVID-19.  (Dkt. No. 13.)  After carefully reviewing the amended complaint the Court finds this haphazard collection of statements and allegations does nothing to indicate what causes of action Plaintiff intends to assert or whether this Court has jurisdiction over the action.  In sum, the Court finds Plaintiff's amended complaint does not state any viable legal causes of action and should be dismissed.

Typically, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *See Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).  In this case, because Plaintiff has already been granted an opportunity to amend and her amended complaint fails to state any claim for relief, this Court recommends dismissing this action without further leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 13) be **DISMISSED WITHOUT LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the

---

address for the Court and included another letter that appears to describe her research related to the putative vaccine she developed.  (Dkt. No. 11.)  The Court has also considered other correspondence from Plaintiff sent before Senior District Judge Sharpe adopted this Court's recommendation.  (Dkt. No. 7.)

[2]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated:  June 9, 2021
        Syracuse, New York

Therese Wiley Dancks
United States Magistrate Judge

---

Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).